RENDERED:  DECEMBER 12, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0887-MR

JOSHUA JENKINS                                                                         APPELLANT

APPEAL FROM KNOX CIRCUIT COURT
v.        HONORABLE STEPHEN MICHAEL JONES, JUDGE
ACTION NO. 22-CI-00441

AURORA JENKINS;
CABINET OF HUMAN
RESOURCES, LEGAL
DEPARTMENT; AND
RICK DISNEY                                                                             APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  EASTON, KAREM, AND McNEILL, JUDGES.

KAREM, JUDGE:  Joshua Jenkins appeals *pro se* from the Knox Circuit Court's

denying his complaint for visitation with his children.  We affirm.

Jenkins has three children.  He is currently serving a total sentence of

twenty years for one count of second-degree rape and one count of second-degree

sodomy. The criminal charges did not involve his children. According to Jenkins, the children are currently in the joint custody of their mother, his wife Aurora Jenkins, and their paternal grandfather.

On November 15, 2022, Jenkins filed a pleading *pro se* in Knox Circuit Court, styled "Complaint for Visitation with his Biological Children." He sought visitation with his children and requested to proceed *in forma pauperis*, for appointment of counsel, and for a hearing. The circuit court entered a form order which did not clearly indicate whether Jenkins qualified as a poor person pursuant to Kentucky Revised Statutes (KRS) 453.190 for purposes of proceeding *in forma pauperis*. Jenkins filed an appeal. On March 23, 2023, a panel of this Court of Appeals vacated the circuit court's order as inherently ambiguous. It remanded the case for entry of a written order clearly specifying whether Jenkins was granted *in forma pauperis* status and, if denied, written reasons why.

On remand, the circuit court entered an order granting the motion to proceed *in forma pauperis* and waiving costs and fees. Jenkins filed a pleading styled "Status of Pending Pleading," arguing that even though he is incarcerated, he is entitled to a hearing before his visitation rights with his children are denied. He also requested the appointment of a guardian ad litem.

On May 1, 2024, the circuit court entered an order dismissing the action with prejudice "based on the prior order of Knox Circuit Court Civil Action

No. 19-CI-00263 entered on November 8, 2021, wherein this Court ruled that the children shall continue to have no contact or communication with Joshua Jenkins." Jenkins filed a motion to reconsider. The circuit court denied the motion and this appeal followed.

Jenkins argues that the circuit court was required to conduct a hearing on his petition for visitation and that visitation should be determined based on the best interests of the children and not be denied simply because he is incarcerated.

As a matter of law, incarceration alone does not justify the denial of a right to visitation. *Smith v. Smith*, 869 S.W.2d 55, 57 (Ky. App. 1994). But there is no indication that the circuit court denied Jenkins's petition for visitation because he is incarcerated. The court's reason for denying the petition is plainly stated: there is an order in place in another case, Knox Circuit Court Civil Action No. 19-CI-00263, that Jenkins is to have no contact or communication with the children.

Jenkins cannot seek visitation by means of this action when there is a valid, binding order in the other case that forbids contact or communication with the children. If Jenkins wishes to pursue visitation, he must seek to modify or vacate the order in the other case.

For the foregoing reasons, the order denying Jenkins's complaint for visitation is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FILED FOR
                                        APPELLEES.
Joshua Jenkins, *pro se*
LaGrange, Kentucky